IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DEBORA MAYO and CHRISTOPHER )
PICKLE, )
 )
        Plaintiffs, )
 )
v. ) No. CIV-11-164-FHS
 )
LIBERTY INSURANCE CORPORATION, )
 )
        Defendant. )

**OPINION AND ORDER**

    Before the Court for its consideration is the Motion For Default Judgment Or Dismissal With Prejudice Against Plaintiff Christopher Pickle (Dkt. No. 63) filed by Defendant, Liberty Insurance Corporation ("Liberty"). In its motion, Liberty contends the requested sanction is appropriate based on the failure of Plaintiff, Christopher Pickle ("Pickle"), to comply with this Court's March 30, 2012, Opinion and Order (Dkt. No. 42) directing Pickle to (1) fully answer Liberty's interrogatories and requests for production by June 11, 2012, and (2) appear for his deposition on June 25, 2012. Pickle has not responded to the instant motion. Plaintiff, Debora Mayo ("Mayo"), has filed a response stating she does not object to Pickle's dismissal from this lawsuit. Based on the record before it, the Court finds Pickle should be dismissed with prejudice from this lawsuit.

    When considering the sanction of dismissal pursuant to Rule 37(b)(2) for a party's failure to comply with the discovery orders of the Court, several factors should be evaluated. As set forth by the Tenth Circuit in <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 920 (10th Cir. 1992), a district court should consider: (1) the degree of

1

actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned Plaintiff in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.  The Court's evaluation of these factors herein leads to the conclusion that dismissal with prejudice is appropriate.  First, the Court finds Liberty's preparation of its defense in this matter has been frustrated by Pickle's failure to fully respond to the written discovery requests and his failure, on two occasions, to appear for his scheduled deposition.  Second, Pickle's failure to comply with the discovery requests, to appear for his deposition, to provide the Court with notification of a change of address[1], and to comply with the order of this Court interferes with the orderly administration of this litigation.  Third, Pickle's absolute failure to respond to the discovery requests, and his failure to respond to Liberty's corresponding motions, leads to the Court to conclude that Pickle has willfully failed to comply with Liberty's discovery requests and the Court's March 30, 2012, Opinion and Order.[2]  Fourth, dismissal should not come as a surprise to Pickle as the Court explicitly informed Pickle that his failure to comply with the

---

[1] As noted its March 30, 2012, Opinion and Order, Pickle discharged his attorney and has proceeded *pro se* in this action since March 16, 2012.  Attempts to serve documents on Pickle at his last known address have failed as they have been returned undeliverable.  Additionally, Liberty's attempts to email Pickle were not responded to by Pickle.  No information has been provided to the Court by Pickle concerning a change of address or other contact information.

[2] Pickle's exhibited lack of interest in this litigation may be explained by the January 24, 2012, letter attached as Exhibit 1 to Mayo's Response (Dkt. No. 71) wherein Pickle purportedly relinquishes all rights in this action against Liberty and assigns those rights to Mayo.

2

March 30, 2012, Opinion and Order may result in the dismissal of his action against Liberty. Finally, the Court has considered lesser sanctions but finds that Pickle's repeated noncompliance can only be remedied through the harsh, but appropriate, sanction of dismissal with prejudice.

Based on the foregoing reasons, Liberty's Motion For Default Judgment Or Dismissal With Prejudice Against Plaintiff Christopher Pickle (Dkt. No. 63) is granted and Pickle's claims against Liberty are ordered dismissed with prejudice.

It is so ordered this 24th day of July, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma